UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

v.                             Case No: 6:24-cr-233-JSS-DCI-1

DARIEL JAVIER QUILES-DAVILA,

     Defendant.

_____/

## ORDER

In this child pornography case, the Defendant, Dariel Javier Quiles-Davila, moves in limine under Federal Rules of Evidence 403 and 404(b) to exclude evidence of communications between—and related activities involving—the alleged child victim and him that occurred after the October 17, 2023 offense date. (Dkt. 69.) The Government opposes the motion. (Dkt. 70.) The court heard argument from the parties on the motion during a hearing on May 6, 2025. (*See* Dkt. 80.) Upon consideration, for the reasons outlined below, the court denies the Defendant's motion in limine.

The Government initiated this case in July 2024 by filing a criminal complaint against the Defendant, along with an affidavit from an agent with the Federal Bureau of Investigation supporting the complaint. (Dkt. 1.) The complaint alleges that the Defendant violated 18 U.S.C. § 2252A(a)(2)(A) by knowingly receiving child pornography on October 17, 2023. (Dkt. 1 at 1.) The affidavit states that the

Defendant, a police officer, met the alleged child victim while responding to a domestic incident between her parents, called her shortly thereafter, obtained her Snapchat account from her, and used Snapchat to exchange flirtatious chats, including video chats, with her on and off for months.  (*Id.* at 4–6.)  According to the affidavit, on October 16 and 17, 2023, the child victim allegedly asked the Defendant for money for food; he said, "[I]f you want money[,] then show me something," and asked for pictures; she sent him pictures of herself fully clothed; he told her that he wanted a different type of picture; she asked him what type of picture would be worth thirty dollars and sent him a picture of her bare breasts and buttocks; he sent her thirty dollars through CashApp; she later requested fifty dollars; he said, "[Y]ou know what to do"; she sent him videos of her bare breasts and a previously recorded video of herself engaging in a sexual act; and he sent her fifty dollars through CashApp.  (*Id.* at 6–7.)  The affidavit further alleges that during the investigation into the Defendant, law enforcement found Snapchat communications between the child victim and him that took place between October 2023 and April 2024, including a November 30, 2023 image of her buttocks in a thong that he took a screenshot of.  (*Id.* at 8–9.)  In September 2024, a grand jury indicted the Defendant on one count of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2).  (Dkt. 29.)  This case is set for a jury trial on May 19, 2025.  (Dkt. 59.)

"A motion in limine presents a pretrial issue of admissibility of evidence that is likely to arise at trial, and as such, the order, like any other interlocutory order, remains subject to reconsideration by the court throughout the trial."  *In re Seroquel Prods. Liab.*

*Litig.*, Nos. 6:06–md–1769–ACC-DAB, 6:07–cv–15733–ACC-DAB, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). "The real purpose of a motion in limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably [a]ffect the fairness of the trial." *Id.* (quotation omitted). "A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." *Id.* (quotation omitted). "The district court has broad discretion to determine the admissibility of evidence, and [the appellate court] will not disturb the [district] court's judgment absent a clear abuse of discretion." *United States v. McLean*, 138 F.3d 1398, 1403 (11th Cir. 1998); *see also United States v. Jernigan*, 341 F.3d 1273, 1285 (11th Cir. 2003) ("Inherent in this standard is the firm recognition that there are difficult evidentiary rulings that turn on matters uniquely within the purview of the district court, which has first[]hand access to documentary evidence and is physically proximate to testifying witnesses and the jury.").

In his motion, the Defendant contends that the Government's proposed evidence of communication between the alleged child victim and him after the offense date is not inextricably intertwined to the charged offense and is accordingly subject to Rule 404(b)'s prohibition on using evidence of extrinsic acts to show propensity. (Dkt. 69 at 7–10.) Further, the Defendant argues, the Government did not meet the rule's notice requirement when it listed all non-propensity purposes in its discovery letter to the Defendant, and overall, the evidence is inadmissible under the rule. (*Id.* at 3–6.) In addition, the Defendant maintains that the evidence should be excluded

under Rule 403 because its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, and wasting time.  (*Id.* at 6–7, 10.)

The Government responds that the evidence is not extrinsic to the offense and thus not subject to Rule 404(b) because the evidence "is an integral and natural part of the [alleged] [c]hild [v]ictim's testimony about her relationship with the Defendant," illustrates how their "communications and relationship . . . began[,] . . . evolved[,] and ended," "show[s] the nature of [their] communications . . . during their association," and "provide[s] further context about the records of communications found on [their] device[s] from the beginning of their communications to the end, including images[,] . . . videos[,] . . . messages[,] and money sent and received between" them.  (Dkt. 70 at 7–8.)  The Government further asserts that even if the evidence were subject to Rule 404(b), the evidence is admissible to show the Defendant's motives for communicating with the alleged child victim, his opportunities to communicate with her, his intent and preparation to receive illicit pictures from her, his plan to send her money in exchange for her pictures, his knowledge of her willingness to send pictures for money and of her age and identity, his identity, and his absence of mistake and lack of accident with respect to knowingly receiving child pornography on October 17, 2023.  (*Id.* at 9–11.)  The Government also disputes that the evidence should be excluded under Rule 403.  (*Id.* at 11–13.)

Rule 404(b) prohibits a party from using "[e]vidence of any other crime, wrong, or act . . . to prove a person's character in order to show that on a particular occasion

- 4 -

the person acted in accordance with the character," but the rule permits a party to use such evidence "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(1)–(2). In this criminal case, the rule also requires the Government to "provide reasonable notice of any such evidence that [it] intends to offer at trial, so that the [D]efendant has a fair opportunity to meet" the evidence, and to "articulate in the notice the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(A)–(B). However, evidence that is "not part of the crime charged" is not subject to Rule 404(b) when it "pertain[s] to the chain of events explaining the context, motive[,] and set[]up of the crime." *United States v. Williford*, 764 F.2d 1493, 1499 (11th Cir. 1985) ("[Such evidence] is properly admitted if [it is] linked in time and circumstances with the charged crime, or [it] forms an integral and natural part of an account of the crime, or [it] is necessary to complete the story of the crime for the jury.").

Here, the evidence of communications after the offense date is not subject to Rule 404(b) because it is "linked in time and circumstances with the charged crime" and is necessary to "explain[] the context, motive[,] and set[]up of the crime" and "to complete the story of the crime for the jury." *Id.*; *see United States v. Padilla*, 325 F. App'x 131, 133 (3d Cir. 2009) (discerning no abuse of discretion when the district court admitted evidence about events that occurred after the offense date because the evidence was intrinsic to the offense). As the Government explained during the hearing on the motion, the challenged evidence concerns communications (and related

activities) between the alleged child victim and the Defendant that are strongly associated with one another and with the charged offense of knowingly receiving child pornography. The Defendant allegedly communicated with the child victim multiple times between October 2023 and April 2024, as documented by statements from the alleged child victim and by approximately fifteen chat logs. According to the Government, the communications support that the Defendant maintained contact with the alleged child victim to get her to send him sexual images of herself. (*See* Dkt. 70 at 9–10.) The communications "arise[] out of the same transaction or series of transactions as the charged offense," and thus, evidence of the communications is intrinsic to that offense. *United States v. Harding*, 104 F.4th 1291, 1296 (11th Cir. 2024); *see also United States v. Bilus*, 626 F. App'x 856, 865 (11th Cir. 2015) ("Evidence about the events of August 15, 2010, [when law enforcement found the defendant in a car with a largely undressed twelve-year-old passenger,] and the state charges growing out of those events, [such as lewd and lascivious battery and traveling to meet a minor,] is inextricably intertwined with the federal charges of receiving and possessing child pornography[ because the defendant] used the same computer to receive and view child pornography as he did to contact the twelve-year-old victim and arrange their meeting . . . ."). Because the evidence is intrinsic, it is not subject to Rule 404(b) and is not due to be excluded for violating that rule. *See Williford*, 764 F.2d at 1499.

The Defendant also seeks the evidence's exclusion under Rule 403. (Dkt. 69 at 6–7, 10.) Rule 403 allows the court to "exclude relevant evidence if [the] probative value [of the evidence] is substantially outweighed by a danger of . . . unfair prejudice,

confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. That said, "Rule 403 is an extraordinary remedy which the district court should invoke sparingly." *United States v. Elkins*, 885 F.2d 775, 784 (11th Cir. 1989). Here, the evidence at issue is highly probative in ways the Government has identified with respect to the Defendant's motive, opportunity, knowledge, plan, absence of mistake, and the like. (*See, e.g.*, Dkt. 70 at 9–10.) The Defendant claims that the evidence will unfairly prejudice him, confuse the issues, mislead the jury, and waste time. (Dkt. 69 at 7.) Nevertheless, he has not met his burden as the moving party to establish that these dangers "substantially outweigh[]" the evidence's probative value. *See* Fed. R. Evid. 403; *cf. United States v. Garrett*, 805 F. App'x 709, 712, 715 (11th Cir. 2020) (finding no abuse of discretion when the district court admitted "evidence of [the defendant]'s creation and possession of sexually explicit drawings" showing "young boys engaging in oral and anal sex acts with adult men" because the drawings were probative of whether the defendant "was the man depicted in [a] video" of child pornography and, although "the drawings were likely prejudicial, as most evidence in child pornography and molestation cases is, the prejudice caused by their admission did not *substantially outweigh* their probative value"). If the Defendant seeks to alleviate these dangers through limiting instructions, the court will entertain a motion to that effect during the trial. *See United States v. Macrina*, 109 F.4th 1341, 1350 (11th Cir. 2024) ("[A] limiting instruction in the context of Rule 403 evidence may mitigate the risk of unfair harm."). Because "[t]he balance under Rule 403 should be struck in favor of admissibility,"

*Elkins*, 885 F.2d at 784, the court denies the Defendant's motion under that rule.

Accordingly, the Defendant's motion in limine (Dkt. 69) is **DENIED**.

**ORDERED** in Orlando, Florida, on May 8, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record