UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                           Case No: 6:24-cr-233-JSS-DCI-1

DARIEL JAVIER QUILES-DAVILA,

      Defendant.

_____/

## ORDER

Defendant, Dariel Javier Quiles-Davila, moves for a judgment of acquittal under Federal Rule of Criminal Procedure 29(c), arguing that no reasonable jury could have found him guilty beyond a reasonable doubt based on the evidence presented at trial. (Dkt. 114.) The Government opposes the motion. (Dkt. 122.) Upon consideration, for the reasons outlined below, the court denies the motion.

In deciding a Rule 29(c) motion, the court "view[s] the evidence in the light most favorable to the [G]overnment," "resolve[s] any conflicts in the evidence in favor of the [G]overnment," and "accept[s] all reasonable inferences that tend to support the [G]overnment's case." *United States v. Ward*, 197 F.3d 1076, 1079 (11th Cir. 1999). The key issue is "whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt." *Id.*

Quiles-Davila has been charged with knowingly receiving child pornography, in violation of 18 U.S.C. § 2252A(a)(2). (Dkt. 29 at 1.) This offense has the following

elements:

> [T]he [d]efendant knowingly received an item or items of child pornography, as charged[.] . . . [The] item [or items] of child pornography had been transported, shipped, or mailed in interstate or foreign commerce including by computer, as charged[.] . . . [A]t the time of [receipt,] the [d]efendant believed that [the] item [or items] constituted or contained child pornography . . . .

*United States v. Tryon*, No. 1:04-CR-346-MHS, 2006 WL 1553900, at *6, 2006 U.S. Dist. LEXIS 34977, at *15 (N.D. Ga. May 30, 2006).  (*See* Dkt. 105 at 6.)  "A person 'knowingly receives' child pornography under 18 U.S.C. § 2252A(a)(2) when he intentionally views, acquires, or accepts child pornography on a computer from an outside source."  *United States v. Pruitt*, 638 F.3d 763, 766 (11th Cir. 2011).

Viewed in the light most favorable to the Government, the evidence presented at trial—including testimony from the alleged child victim and from law enforcement officers, as well as communications between the alleged child victim and Quiles-Davila—sufficed to satisfy the offense's elements beyond a reasonable doubt.  In his motion, Quiles-Davila invites the court to believe his testimony and other testimony supporting his innocence and to disbelieve the alleged child victim's testimony supporting his guilt.  (*See* Dkt. 114.)  The court cannot accept this invitation.  *See United States v. Miles*, 290 F.3d 1341, 1355 (11th Cir. 2002) ("In determining a sufficiency of the evidence claim, [the court] view[s] the evidence in the light most favorable to the [G]overnment, with all reasonable inferences and credibility choices made in the [G]overnment's favor.").  Accordingly, Quiles-Davila's motion for a judgment of acquittal (Dkt. 114) is **DENIED**.

**ORDERED** in Orlando, Florida, on August 8, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record